FREEMAN'S BANK *versus* RICHARD H. VOSE.

A debtor conveyed to the defendant in a bill in equity a mill, by a deed in the form of a common deed of warranty, but having at its conclusion the additional words; provided that if the grantor pay all liabilities due from him to the plaintiffs in the bill in equity, and also to five others, *without saying that the deed should then be void;* the defendant sold the mill at auction at the request of the plaintiffs and made a conveyance of his right thereto, having special reference therein *to the deed to himself* and with their assent, took from the purchaser, one of the five named with the plaintiffs in the first deed, an agreement to pay over to the plaintiffs a certain portion of the consideration money, provided his title to the mill *should prove good and effectual in law as a deed of trust or in mortgage;* and the defendant requested the purchaser to pay to the plaintiffs the money due to them, but he refused to do so until after the question as to *his title was* determined. *It was held,* that although the purchaser had a good title, absolutely or as a mortgage, that the bill in equity could not be supported against this defendant, and must be dismissed.

THIS was a bill in equity, and was heard on the bill and answer. On Nov. 18, 1836, Wheeler & Perkins conveyed a steam sawmill to the defendant and Harlow Spaulding. The deed was in the usual form of a deed of warranty to the conclusion of the words, " lawful claims and demands of all persons." Then follow these words: " Provided nevertheless, that if the said Wheeler & Perkins shall pay, or cause to be paid, all liabilities now due, or which may hereafter be due from them to the Freeman's Bank, upon paper indorsed by said Vose or any other individual ; also any sum due or hereafter to become due from said Wheeler & Perkins to the Augusta Bank ; also any sum due or to become due from them to the Granite Bank and to the Neguemkeag Bank ; also any sum due, or which may become due to Joseph Eaton of Winslow or to S. Eaton." The deed closes with the date, without any provision, that it shall be void on the payment of those demands. The corporations and persons described in the proviso, requested that the premises should be sold at public auction, and the sale was thus made to Joseph Eaton, one of the persons therein named. Vose by his deed of Sept. 29, 1840, " in consideration of $2500,00, paid by said Eaton,

and said sum is applied to the payment of the debts specified in a deed of supposed trust from Wheeler & Perkins to Vose & Spaulding," dated, &c. conveyed an undivided half of the mill, " the aforesaid premises having been sold at auction by direction of the creditors named in said deed from Wheeler & Perkins." The other half was conveyed to Eaton by a similar deed. The bill alleges that all the debts are paid excepting a claim of the plaintiffs and one in favor of the Neguemkeag Bank, and that the proceeds of the sale to Eaton are sufficient to pay the whole. The defendant, in his answer, states the facts, says the sale was made at the request of the plaintiffs, and " that to secure the payment of the consideration, with the consent of the plaintiffs, he took from Eaton a writing by which he agreed to pay the plaintiffs and the Neguemkeag Bank the balance in his hands, after deducting his own claim, provided that the title he derived from his deeds of the mill should prove good and effectual in law, either on the ground that the deed from Wheeler & Perkins to Vose & Spaulding should enure to his benefit, as a deed of trust, or a mortgage." The answer then alleges, that the defendant has requested Eaton to pay the plaintiffs, but that he has refused so to do until that question is determined, and that the defendant has no means of enforcing the payment, at least until that question is determined.

*Bradbury*, for the plaintiffs.

*Vose, pro se.*

The opinion of the Court was by

WHITMAN C. J. — This cause must be considered as having been set down for argument upon the bill and answer; the facts to be gathered from which are, that, on the eighteenth day of November, 1836, Messrs. Wheeler and Perkins made a deed conveying a certain parcel of real estate to the defendant and one Spaulding. The deed in its terms is absolute; but, from certain recitals at the close of it, it would seem, that the parties may have intended to make it conditional. The recital however, stops without the necessary conclusion to make

it so; and is therefore senseless and inoperative. And on a proper bill for the purpose being presented, if it appeared that a mortgage was actually intended, and that the omission to make it so was from accident, the Court might reform it, if it were between the original parties to the deed. But, as the deed now stands, it must be regarded at law as having conveyed an absolute estate to Vose and Spaulding: and the title has now, under that deed, and by virtue of conveyances from Vose and Spaulding, and one Hallet, under Spaulding, passed to Joseph Eaton. The title in Eaton, therefore, has become perfect and indefeasible, unless he purchased with knowledge, that the estate was intended, by Wheeler and Perkins and their grantees, to have been conveyed in mortgage: in which case the conveyance as to him would be subject to be reformed, so that he would hold it only as mortgagee. But it can probably make no difference to him, whether his estate in the premises is a fee simple, absolute or conditional, for the right of the mortgagors to redeem, if the conveyance is to be regarded as a mortgage, would depend on the payment of the whole amount due to the plaintiffs, and to the Neguemkeag Bank, and to said Eaton; the amount of the debts of whom may very much exceed the value of the premises; and in such case render it morally certain, if the deed of Wheeler and Perkins were reformed into a mortgage, that neither they, nor any one under them, would ever redeem the premises.

The defendant does not question the efficacy of the deed to him and Spaulding, either as an absolute deed, or a mortgage; and, in either case, in trust for the payment of debts due to the plaintiffs and others; and he has conducted in reference to it, so far as appears, in entire good faith; and has, at the express request of the plaintiffs, made a conveyance of his estate in the same to the said Eaton. Personally he has realized nothing from it. Eaton, according to the statement, would seem now to have become the trustee of the plaintiffs, and of the Neguemkeag Bank, for the balance remaining in his hands, after paying the amount due to himself. As he has not been made a party to this bill, however, we are not to be

understood as adjudicating upon his rights and liabilities. The plaintiffs appearing to have no well founded claim against the defendant, the bill must be dismissed. The defendant may be allowed his costs.