## D. M. McNeill v. J. H. Cage et al.

Decided January 21, 1905.

**1.—Gift of Notes—Delivery—Trustee.**

Where a father sold land, and had certain vendor's lien notes taken in payment therefor, made payable to C., as trustee, intending to make the notes a gift to a minor son, but never delivered the notes to the trustee, and the latter never accepted the trust, and the father afterwards sold the notes, having C. to endorse them as trustee, without recourse, in order to effect their transfer, the intended beneficiary was not entitled, on attaining his majority, to recover on the notes.

**2.—Same—Subsequent Purchasers of Land.**

Plaintiff was not entitled to a personal judgment on the notes against parties who had subsequently bought the land from his father's vendee in the absence of allegation and proof that they had assumed the payment of the notes.

**3.—Rescission—Superior Title—Parties.**

In an action by one claiming an interest in certain vendor's lien notes, as an heir, plaintiff is not entitled to a rescission of the sale of the land made by his ancestor, and to recover the land itself, where other coheirs were not made parties and the makers of the notes were not made defendants along with subsequent purchasers of the land from them.

Appeal from the District Court of Erath. Tried below before Hon. W. J. Oxford.

*J. A. Powers, W. W. Moores* and *M. J. Thompson,* for appellant.

*Martin & George,* for appellees.

Conner, Chief Justice.—We think the following statement of this case by the appellees is substantially correct, and it is adopted, to-wit: "This was an action of trespass to try title, which was brought by appellant, D. M. McNeill, against J. H. Cage, S. A. Wallace, V. A. Wallace and T. B. Tudor, appellees, for 374 acres of land out of the E. Ruse survey situated in Erath County, Texas; and in the alternative a suit against said Cage, Wallace and Tudor upon sixteen vendor's lien notes, alleged to have been executed by S. N. Borders as part of the purchase money for said land, purchased by said Borders from W. W. McNeill. It is further alleged in said petition that ten of said notes were made payable to the order of W. C. McNeill, trustee for Daniel

M. McNeill, and that six of said notes were made payable to the order of S. J. McNeill; that said notes aggregate $2,550, drawing ten percent interest and attorneys fees, and that the said ten notes were delivered by W. W. McNeill to W. C. McNeill, trustee for D. M. McNeill, and six of said notes delivered by W. W. McNeill to S. J. McNeill, and that said D. M. and S. J. McNeill were minors at the time of the execution and delivery of said notes as aforesaid, and that D. M. McNeill is the owner by purchase of the six notes made payable to S. J. McNeill, and that W. C. McNeill accepted the trust and the ten notes, and afterwards without authority of law, as trustee, transferred said notes to J. H. Cage.

"The appellees plead general demurrer, special exceptions, plea of not guilty, general denial, limitation of two and four years, the release of vendor's lien in each of said notes by W. W. McNeill to said S. N. Borders; that the notes were only an intended gift by W. W. McNeill to said minors; that said notes were never delivered, and W. W. McNeill, before he delivered same, changed his mind, retained said notes and sold and used said notes for himself, and that W. C. McNeill never accepted the trust, and said notes were never delivered to him or any one else for said D. M. and S. J. McNeill. Also, improvements in good faith, etc. The trial resulted in the court, after hearing all the evidence in the case, peremptorily instructing the jury to find a verdict for defendants, which they did."

The evidence shows the making of the deed and notes as alleged, but from the presentation of the case on this appeal from the judgment rendered in accordance with the verdict of the jury, we infer that the view of the trial court was that while the evidence was sufficient to show that the notes made by S. N. Borders for the 374 acres of land described in the petition, and payable to W. C. McNeill, as trustee for Daniel McNeill and to S. J. McNeill, as alleged, were caused to be made so payable by W. W. McNeill with the intent of making a gift of said notes to said payees, that nevertheless it conclusively appeared that the intended gift never took effect for want of delivery by him either to the trustee W. C. McNeill or S. J. McNeill.

Several interesting questions are presented, but in the view we have taken of the case we deem it unnecessary to do more than to incidentally refer to them as we shall hereafter do.

It is undisputed that W. W. McNeill, the father of appellant, D. M. McNeill and of S. J. McNeill, on September 18, 1893, conveyed by general warranty deed to Mary V. Borders, his daughter, and S. N. Borders, her husband, the 374 acres of land described in appellant's petition, the consideration as recited in said deed being $500 cash in hand paid, and the sixteen notes described in said petition. This deed reserved the vendor's lien and was seasonably recorded. The evidence tends to show that at the time of this conveyance W. W. McNeill was in failing health, and that the conveyance and notes were made, as stated, with a view on the part of W. W. McNeill of an equitable distribution of his estate. The evidence further shows without contradiction that W. W. McNeill received the notes involved in this controversy from S. N. Borders, but at no time made actual delivery thereof to either of the payees therein. The trustee, W. C. McNeill, testified that the notes

were not delivered to him, and that he distinctly refused to accept the trust. W. W. McNeill recovering his health and averring a necessity of support, transferred the notes, or such of them as had not theretofore been paid to him, to the appellee, J. H. Cage, the trustee endorsing the notes made payable to him, without recourse and for the purpose only of complying with the wishes of Cage and W. W. McNeill in that respect. The record shows without dispute that in September, 1895, after their purchase, Borders and wife conveyed by general warranty deed to appellees S. A. and B. H. Wallace 112¾ acres of the land in controversy for $785.75, reserving lien thereon for the purchase money notes given therefor; and that in July, 1897, S. N. and Mary Borders made a like deed to the remainder of the land (261 acres) to one W. N. Perkins, the consideration as recited being $2,000, which included an assumption of the notes in controversy.

Borders and wife were not made parties to this suit, and we are of opinion that appellant was not in position to claim a rescission of the sale from McNeill to Borders and wife. In the first place Borders and wife were necessary parties to a suit for rescission, they being the original grantees in the deed, and having conveyed the land to others with warranty of title, and the superior title remaining in McNeill, if not conveyed to them by his deed of release, descended at his death to Mrs. Borders as well as to appellant, both being alike heirs of the original grantor. A contract, to be rescinded, must be rescinded in toto, and hence all parties interested must either join or be joined in a proceeding to rescind. The case is not one, like that of Renfro v. City of Waco, 33 S. W. Rep., 766, in which all the rights of the vendor descended to the party seeking a rescission. If McNeill had been alive, appellant could not have maintained such an action without a conveyance of the superior or legal title to him. If such title had been conveyed to appellant and his sister, Mrs. Borders, appellant alone could not have maintained an action to rescind and recover the land, and he can not be in a better position where title is cast by descent in the same way.

We conclude that it is equally clear that a judgment against appellees upon the notes described in the plaintiff's petition was unauthorized. It is conceded that part of them are barred by limitation. As to the remaining notes the makers were not sued, and there is neither allegation nor proof that appellees S. A. Wallace, B. H. Wallace and T. B. Tudor assumed the payment of any one of the notes sued upon so as to authorize a personal judgment against them. It is alleged that appellee J. H. Cage assumed the payment of said notes, but there is no proof whatever in support of this allegation. On the contrary, the proof without dispute shows that in October, 1898, Perkins, not made a party and who alone, it seems, assumed the payment of the notes sued upon, by general warranty deed conveyed to appellee J. H. Cage the 261 acres of land in controversy not theretofore conveyed by Borders and wife to the Wallaces, for the consideration "that said J. H. Cage, the owner and holder of the fifteen notes described in said deed from Borders to Perkins, cancel all of said notes." The proof without controversy shows that Cage had theretofore purchased the notes from W. W. McNeill and asserted ownership thereof. It may be that if Cage pur-

chased the notes from W. W. McNeill with notice of the right, if any, of appellant and his brother thereto, and afterwards collected the notes in the way of a conveyance of the land now claimed by him, that equity would require him to pay the notes, or to be placed in the attitude of holding the land purchased by him from Perkins as a trustee for the benefit of appellant, but no such case was made by appellant in his petition.

We accordingly conclude that in no view of the case was a judgment in appellant's favor authorized, and affirm the judgment as rendered below.

*Affirmed.*

Writ of error refused.