### HURST v. KNIGHT et al.

(Court of Civil Appeals of Texas. Amarillo. Feb. 21, 1914. Rehearing Denied March 28, 1914.)

1. CANCELLATION OF INSTRUMENTS (§ 35*)— ACTIONS—PARTIES.

Where the life tenant and remaindermen jointly conveyed certain property to another, part of the consideration being represented by vendor's lien notes payable to the life tenant, the remaindermen are necessary parties, without whom the court cannot decree a rescission in favor of the purchasers for misrepresentation of title on cross-petition filed by them in an action by the life tenant to foreclose the vendor's lien.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 55–64; Dec. Dig. § 35.*]

2. CANCELLATION OF INSTRUMENTS (§ 8*) — SALE OF LAND—MISREPRESENTATION AS TO TITLE—NECESSITY OF EVICTION.

The purchasers of land are entitled to a cancellation of the deed and rescission of the contract on account of misrepresentations as to the title of the vendor, even though they have received a warranty deed and there has been no eviction by paramount title.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. § 2; Dec. Dig. § 8.*]

3. CANCELLATION OF INSTRUMENTS (§ 38*) — RESCISSION BY PURCHASER — PLEADING — CROSS-COMPLAINT—EXCEPTIONS.

In an action against the purchaser and a subsequent purchaser to foreclose a vendor's lien note, where the defendants filed a cross-petition asking for a rescission because of misrepresentation as to the vendor's title, exceptions to allegations of the answer that the representations were repeated to the subsequent purchaser, on the ground that such allegations did not constitute a defense, were properly overruled, where they were set up as a basis for the relief sought by the defendants and not by way of defense.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 84–87; Dec. Dig. § 38.*]

4. CANCELLATION OF INSTRUMENTS (§ 37*)— RESCISSION BY PURCHASER—PLEADING—OFFER TO DO EQUITY.

A purchaser seeking to rescind need not show by his pleading the value of the rents and profits and offer restitution, but it is sufficient if he offer generally to do equity.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 66–80; Dec. Dig. § 37.*]

---

5. VENDOR AND PURCHASER (§ 341*)—RESCIS-
SION BY PURCHASER—LIABILITY FOR CON-
SIDERATION.

Where a deed given by several grantors is
rescinded for misrepresentation, the grantors
are jointly and severally liable for any sums
paid by the purchasers.

[Ed. Note.—For other cases, see Vendor and
Purchaser, Cent. Dig. §§ 1008–1017; Dec. Dig.
§ 341.*]

6. CANCELLATION OF INSTRUMENTS (§ 35*)—
PARTIES—RESCISSION BY PURCHASER—CON-
VEYANCE TO SUBSEQUENT PURCHASER.

Where a purchaser transferred his inter-
est in the property, which was subject to a
vendor's lien note, to a subsequent purchaser,
who assumed and agreed to pay the note, the
original purchaser, as a correlative to his lia-
bility for the debt and his right to pay it at ma-
turity, can maintain a cross-action for rescis-
sion on the ground of misrepresentation in an
action to foreclose the lien, and in such cross-
action the subsequent purchaser can join in
order to enable the original purchaser to make
complete restitution to the vendors.

[Ed. Note.—For other cases, see Cancellation
of Instruments, Cent. Dig. §§ 55–64; Dec. Dig.
§ 35.*]

Appeal from District Court, Lubbock Coun-
ty; W. R. Spencer, Judge.

Action by Mary Hurst against L. A. Knight
and others. Judgment for defendants, and
plaintiff appeals. Reversed and remanded.

R. A. Sowder, of Lubbock, and A. H.
Mount, of Royse City, for appellant. Ran-
dolph & Randolph, of Plainview, and Syn-
nott & Underwood, of Amarillo, for appel-
lees.

HALL, J. The appellant, Mary Hurst, fil-
ed this suit in the district court of Lubbock
county, to recover a judgment against de-
fendants, L. A. Knight, J. R. De Lay, and R.
E. Burch, for the amount of three vendor's
lien notes for $1,000 each and sought to fore-
close the vendor's lien on a certain section
of land in Lubbock county, patented to N.
H. Mill. The petition alleges the execution
and delivery of the deed by appellant, Mary
Hurst, and by Anist Hurst and Guy Hurst,
to R. E. Burch, who executed the three notes
sued upon. It is further alleged that Burch
had conveyed the land to the defendants
Knight and De Lay, who assumed the pay-
ment of said notes. The defendants allege
that in the original transaction Mary Hurst,
Anist Hurst, and Guy Hurst were represent-
ed by G. E. Mayes as their duly authorized
agent; that James R. De Lay represented
himself and the defendant Burch and closed
the deal in Burch's name, purchasing the
land for both; that Mayes, the agent of
plaintiff, and Guy Hurst, represented to De
Lay that the land belonged to Mary Hurst
and that she had a good and perfect title
thereto, and that De Lay communicated these
statements to Burch and also to Knight
when he purchased Burch's undivided inter-
est in the land; that defendants were not
lawyers and did not examine the title, but
had great confidence in Mayes and accepted

in full faith the representations of Guy Hurst
and Mayes that the title was perfect, and,
relying thereon, paid part of the purchase
price in cash and, still relying thereon, paid
the first three notes as they became due;
that after the payment of the first note they
applied for a loan on the land, which was
refused because the title to the property was
not good; that after discovering these de-
fects they called upon the plaintiff, Mary
Hurst, to correct the defects in the title and
offered to pay the remaining notes if she
would remove the defects, and even proposed
to pay two of the notes if she would agree to
extend the third to a time when the defects
could be remedied; that she refused to make
any attempt to do so and refused to extend
the notes.

The defects in the title are set out, in
substance, as follows: (1) A deed of trust
executed by Paris Cox to A. Pruitt, trustee,
to secure Burns-Walker & Co. in the pay-
ment of a note for $286.68, dated August 13,
1886, due December 1, 1886, and recorded in
Lubbock county, August 13, 1886; that no
release of the lien is shown by the records
of Lubbock county or has been made. (2)
Deed from Paris Cox and wife to E. Z. Der-
byshire, and a deed from Edmund Derby-
shire and wife to Willets M. and Gurney G.
Derbyshire, dated January 7, 1898. This in-
strument is signed "Derdyshire" and in the
certificate of acknowledgment the name ap-
pears as "Derbyshire." (3) Deed from Gur-
ney and Willets M. Derbyshire to C. E.
Spath, dated January 16, 1902, conveying the
premises in question and reserving the ven-
dor's lien to secure the payment of five notes
for $100 each, and a release executed by G.
G. and W. M. Derbyshire to C. E. Spath,
dated March 21, 1905, reciting the payment
of four of the notes described in the deed
and the release of the vendor's lien securing
the payment of said notes. (4) Deed from
Dude Hurst to Mary Hurst, Guy Hurst, and
Anist Hurst, conveying a life interest to
Mary Hurst, with remainder to Guy Hurst
and Anist Hurst, for a consideration of
$1,000 paid and the assumption of all debts
of the grantor by Mary Hurst.

Deeds were introduced in evidence tending
to show the defects complained of. The
judgment of the court decreed the cancella-
tion of the deeds and notes, and judgment is
rendered in favor of James R. De Lay and
L. A. Knight, against Mary Hurst, in the
sum of $5,160, the amount paid upon the pur-
chase price of the land, with 6 per cent.
thereon from date of judgment, with a lien
against the land to secure its payment. For
some reason unexplained in the record, a
nonsuit was taken by plaintiff as to the de-
fendant Burch. The court has filed findings
of fact and conclusions of law as follows:

"First. I find as a fact that the defendant
R. E. Burch executed the notes herein sued
on as a part consideration for the land de-

scribed in plaintiff's petition, on June 24, A. D. 1909.

"Second. I find as a fact that Mary Hurst, Guy Hurst, and Anist Hurst, by deed dated June 24, 1909, conveyed the land described in plaintiff's petition, to R. E. Burch, and received as a part consideration therefor from said Burch the notes included in the first finding herein.

"Third. I find as a fact that James R. De Lay was in truth and in fact a joint owner with said R. E. Burch of an undivided one-half interest in said land described in plaintiff's petition, and that the said James R. De Lay paid one-half of the cash consideration named in said deed and has paid one-half of the amount of the three first notes and interest as set forth in plaintiff's petition.

"Fourth. I find as a fact that said notes last described in plaintiff's petition have not been paid.

"Fifth. I further find that the said R. E. Burch conveyed his one-half interest in said land to L. A. Knight, and that said Knight assumed the payment of the indebtedness due on the land, including the three notes herein sued on.

"Sixth. I find that the plaintiff employed A. H. Mount, who is a practicing attorney at law, to bring this suit against the defendants.

"Seventh. I find that George E. Mayes was the agent of the vendors, acting in the sale of the land of plaintiff, Anist Hurst, and Guy Hurst to R. E. Burch and James R. De Lay.

"Eighth. I find that the said George E. Mayes represented to James R. De Lay, one of the purchasers of the land here in controversy, that the plaintiff, Anist Hurst, and Guy Hurst had good title to said land in controversy.

"Ninth. I find that James R. De Lay was acting for himself and the said R. E. Burch in the purchase of said land in the transaction in which the notes sued on were given.

"Tenth. I find that the said James R. De Lay relied upon the representations made by said Mayes as the agent of plaintiff, Anist Hurst, and Guy Hurst, that they had good title to said land, and that said De Lay would not have closed the deal for same if he had not relied upon said representations.

"Eleventh. I find that said James R. De Lay repeated said representations to said R. E. Burch, prior to the closing of said deal, and that the said Burch acted on said representations, relying upon said De Lay as joint purchaser to close said deal.

"Twelfth. I find that James R. De Lay, prior to the purchase of the undivided interest of R. E. Burch by L. A. Knight, informed said L. A. Knight of the representations made by said Mayes as such agent, and that said Knight relied upon said representations being true and purchased said undivided interest.

"Thirteenth. I find that one of the then owners of said land, Guy Hurst, met the said James R. De Lay personally prior to the closing of said deal and represented that the title was absolutely good, and that the said Burch and said De Lay, also relying upon the representations made for himself and his co-owners, closed said deal and purchased said land and signed the notes herein sued upon.

"Fourteenth. I find that the said defendants, De Lay and Knight, had no actual notice of the defect in title to the land here in controversy until said notes were made known to them by Mr. Heard, the agent of C. W. Post, when he turned the said defendants' title down and refused to make a loan on the same.

"Fifteenth. I find that the deed of trust given by Paris Cox to A. Pruitt, trustee, to secure Burns-Walker & Co. in the payment of a note for $286.68, has not been released.

"Sixteenth. I find that the land was deeded to Edmund Z. Derbyshire, and that said Edmund Z. Derbyshire never conveyed the same as shown by the records; but I find on the record a deed from Edmund Z. Derdyshire to Willets M. Derbyshire and Gurney G. Derbyshire.

"Seventeenth. I find that only four of the five notes mentioned in the deed from G. G. Derbyshire and W. M. Derbyshire to C. E. Spath have been released, leaving five notes unreleased.

"Nineteenth. I find that the consideration in the deed from Dude Hurst to Mary Hurst is $1,000, cash, and the further consideration that the said Mary Hurst shall assume and pay the outstanding indebtedness of the said Dude Hurst of every kind and character whatever, which deed is dated September 25, 1907, and duly recorded in Lubbock county.

"Twentieth. I find that said outstanding indebtedness of the said Dude Hurst has never been paid."

[1] As heretofore stated, Guy Hurst and Anist Hurst are not parties to this suit, and the final judgment dismisses the right of action by plaintiff, Mary Hurst, as against R. E. Burch. It seems to be well settled by the weight of authority that in a suit to cancel conveyances, instituted by the vendee, the grantors are necessary parties. 6 Cyc. 322; Malone v. Kelley, 101 Ga. 194, 28 S. E. 689; Hannibal, etc., R. R. v. Nortoni, 154 Mo. 142, 55 S. W. 220; Fairchild v. Fairchild (N. J.) 44 Atl. 944; Harding v. Handy, 11 Wheat. 103, 6 L. Ed. 429; 18 Enc. Pl. & Pr. 799; Douglas County v. Walbridge, 38 Wis. 179; Constant v. Lehman, 52 Kan. 227, 34 Pac. 745; Freeman's Bank v. Vose, 23 Me. 98; Hill v. Lewis, 45 Kan. 162, 25 Pac. 589; Monday v. Vance, 11 Tex. Civ. App. 374, 32 S. W. 559; McNeill v. Cage, 38 Tex. Civ. App. 45, 85 S. W. 57. Guy Hurst was not only part owner of the premises and a grantor in the deed sought to be canceled, but the action is founded in part upon representations alleged to have been made by him to De Lay with reference to the condition of the title. On the

face of the record both Guy and Anist Hurst were entitled to a portion of the consideration paid for the land. As remaindermen and grantors in the deed, reserving the vendor's lien upon the property, Guy and Anist Hurst, together with their mother, held the superior title to the section of land, and therefore had such an interest in the subject-matter of the contract as made them necessary parties. 8 Stand. Proc. 456, 457; Brinker v. Haydon, 33 Ky. (3 Dana) 156. The contract is entire and must therefore be rescinded in whole, both as to parties and subject-matter. De Perez v. Everitt, 73 Tex. 431, 11 S. W. 388; Culberson v. Blanchard, 79 Tex. 486, 15 S. W. 700. One condition upon which the remedy of rescission is granted, if at all, is that the parties must be restored to their original status. This cannot be done in this case unless all parties to the deed and interested in the subject-matter have been made parties to the action. The court could cancel the notes in the hands of the plaintiff, Mary Hurst, because she is the sole payee named in them, but could not properly enter a judgment canceling the deed, without the appearance of all the parties thereto in the suit.

[2] It is insisted by appellant that the appellees cannot remain on the land and defeat recovery thereon without establishing beyond a doubt that the title is a failure; that there is danger of eviction, and also such circumstances as will prima facie repel the presumption that at the time of the purchase the vendees knew of and intended to run the risk of the defects in the title. We do not so understand this suit. The appellees are not endeavoring to defeat recovery and hold the land, but have filed a cross-complaint, praying for cancellation of the deeds and rescission of the contract because of the fraudulent representations made by the vendors as to the title. Misrepresentation as to the title of a vendor to the property contracted for is material and avoids the contract and entitles the purchaser to rescind, even though he has received a deed with covenants of warranty, and although there has been no eviction by paramount title. So the rule announced in Haralson v. Langford, 66 Tex. 113, 18 S. W. 339, and similar cases, does not apply. The rights of the appellees in so far as they seek to cancel the deeds, rescind the contract, and recover the consideration paid, are governed by the rules announced in Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900; Brown v. Montgomery, 89 Tex. 250, 34 S. W. 443; Altgelt v. Merwitz, 37 Tex. Civ. App. 397, 83 S. W. 891; Rancho Bonito L. & L. S. Co. v. North, 92 Tex. 72, 45 S. W. 994; Moreland v. Atchison, 19 Tex. 303. Appellant's first and second assignments are therefore overruled.

We think the court did not err in overruling the general demurrer to the defendants' cross-petition, in so far as defendants' pleadings allege the facts showing the condition of the title to the land. We think the allegations are sufficient, and the evidence sustains the court's findings that the title was not as it had been represented by Mayes and Guy Hurst.

[3] Under the fourth assignment, appellant contends that a vendor is not liable to a subvendee on account of statements as to the condition of the title made by a third party purporting to act as the seller's agent, and insists that the court erred in overruling her exceptions to the answer of appellees alleging that Mayes, as the agent of plaintiff, had represented to them that the title sold was a good legal title, without defects or flaws, because the petition did not further allege that such statements were made by the authority and with the knowledge of plaintiff. These allegations were not made as a defense to the notes, but were set up as a basis for the relief sought by the appellees, and the exception of the appellant that the facts alleged did not constitute a defense was properly overruled.

The fifth assignment is without merit, and is overruled by what we have heretofore said.

[4] Appellant urges the proposition that in a suit on purchase-money notes, where defendant seeks affirmative relief before a right to rescind is shown, the cross-complaint must show the value of the rents and profits as well as the value of the improvements, and must offer to do equity by refunding the value of the rents. The rule as announced in Cecil v. Henry, 93 S. W. 216, and authorities there cited, is that a vendee seeking to rescind is required to do nothing more by his pleadings than to offer generally to do equity, and it is then the province of the court to enter such a specific decree as will adjust the rights of the parties.

Appellant's tenth assignment asserts that in the absence of an allegation of fraud, inducing the execution of a written contract for the sale of land, parol evidence is inadmissible to prove verbal statements and representations made by either party before its execution. Reference to the pleadings shows that the allegation of fraud was duly made.

[5] By the twelfth assignment of error appellant insists that the court erred in rendering a judgment rescinding the sale to Burch and requiring the plaintiff to repay all consideration paid for said land, for the undisputed evidence showed that Guy Hurst and Anist Hurst received part of the cash consideration from said Burch, and that the judgment requires the plaintiff to repay more than she received. We have searched the record in an effort to find some evidence sustaining this proposition. The statement of facts fails to show to whom the consideration was actually paid; but, as between the appellees and the grantors in the deed, the latter would be jointly and severally liable for any sums paid by appellees.

[6] It is further contended by appellant

that Knight, being a subvendee, cannot insist upon a rescission of the contract because of fraudulent representations made to his vendor or to De Lay. There are authorities sustaining the proposition that the original vendee only is entitled to cancellation and rescission upon the ground of fraud and that such right does not descend to subsequent purchasers. We think, however, the rule is not applicable in this case. Knight having assumed to pay the outstanding notes as part consideration for the transfer from Burch to him of an undivided interest in the premises is with De Lay primarily, jointly, and severally liable for the unpaid purchase money. De Lay, being one of the original vendees, is liable to the grantors and the whole debt and has the right to pay it off at its maturity, and we think as the correlative of this right he can maintain an action for the rescission of the contract as a whole. It is true that his right to rescind might be defeated by the refusal of Knight to join in the action, since such refusal would deprive De Lay of the power of placing the grantors in status quo; but Knight having joined in the action and placed it within the power of De Lay to make complete restitution, we think, gives a court of equity full authority to apply the remedies sought.

The remaining assignments of error are either without merit or present questions not presented in the trial court in the motion for new trial, and will therefore not be considered.

Reversed and remanded.