## SLAUGHTER et al. v. MORRIS et al. (No. 7025.)

(Court of Civil Appeals of Texas. Austin. Nov. 24, 1926. Rehearing Denied Dec. 22, 1926. Writ of Error Dismissed for Want of Jurisdiction Feb. 16, 1927.)

1. **Evidence** &cent;=441(8)—**Purchaser of property incumbered with liens, proving contemporaneous parol agreement not to assume notes described in deed, held not personally liable therefor.**

One purchasing property incumbered with liens, proving contemporaneous parol agreement not to assume payment of three notes described in deed, was not liable personally for notes, since recitations of consideration in deed are not contractual, they are not conclusive, and parol evidence is admissible to show real consideration.

2. **Mortgages** &cent;=278—**Term "subject to" mortgages or liens described in deed means that purchaser is not assuming indebtedness personally.**

Use of term "subject to" mortgages or liens, indebtedness described in deed, is generally understood to mean that purchaser is not assuming indebtedness personally.

[Ed. Note.—For other definit'ons, see Words and Phrases, First and Second Series, Subject to.]

3. **Mortgages** &cent;=535(1)—**Owner repurchasing property at trustee's sale under prior lien held entitled to claim title as against junior lien.**

Purchaser of property incumbered with trust liens, having express parol agreement not to assume payment of notes wh'ch liens secure, and thereafter purchasing property at trustee's sale to protect his interests, may claim title by virtue of sale in suit to foreclose as against junior lien.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by A. L. Slaughter against O. M. Morris and another, wherein J. T. Wood was permitted to intervene. Judgment for defendants, and plaintiff and intervener appeal. Affirmed.

Paine L. Bush and J. K. Byers, both of Dallas, for appellants.

Harper & Lewis, of Dallas, for appellees.

BLAIR, J. Appellant A. L. Slaughter sued O. M. Morris and appellee A. D. Hamilton for the balance due on a $610 note, dated November 15, 1923, and executed by Morris to Slaughter, in part payment of lot 5, block 12, Winnetka Heights addition to the city of Dallas; and to foreclose a trust lien securing the note, alleging that Morris conveyed the property to appellee, who assumed the payment of the note, either expressly or impliedly, as part consideration for the conveyance. Appellant J. T. Wood was permitted to intervene as owner of a half interest in the note, and he adopted Slaughter's pleadings.

Defendant Morris answered that appellee expressly agreed with him to assume the payment of the note in suit; that it was included in and deducted from the purchase price of the property; and joined appellants in their prayer to foreclose the lien securing it.

Appellee answered that by express agreement with Morris he was not to assume payment of the note, but that he purchased the property subject to the note, which was secured by a third lien, and also subject to two other notes secured by first and second liens; that afterwards the holder of the second lien note duly advertised and legally sold the property because of default in the payment of an interest installment due thereon; and that he (appellee) attended the sale and purchased the property, thereby extinguishing the third lien sought to be foreclosed in this suit. Appellee also alleged that appellants were present and bid on the property when it was sold.

Appellants' supplemental petition replied that they were present at the sale and bid on the property more than enough to pay the second lien and costs of sale; but that appellee, the then owner, who had assumed the payment of the second lien, raised their bid and purchased the property, and thereby simply paid the note he was obligated to pay, and that therefore the lien sought to be foreclosed still constitutes a valid, subsisting, and enforceable lien against the property.

Appellee's supplemental answer alleged that he was compelled to purchase the property in order to protect his interest therein; that he was not personally liable on the second lien note under which the trustee's sale was made, nor for the note in suit; that he only bid the amount of the second lien note, plus costs of sale, which he paid, and received a deed to the property; and that therefore the third lien sought to be foreclosed in this suit became extinguished.

The pleadings state the facts, except with reference to whether appellee assumed the payment of the second lien note, under which the trustee's sale of the property was made, and the third lien note in suit. Morris testified that appellee Hamilton did assume and agree to pay all three of the notes mentioned. Appellee Hamilton testified that it was expressly agreed that he was not to assume any of the notes described in the deed, and that both Morris and W. B. Lewis, the attorney who drew the deed, told him that the deed was drawn so as to not bind him personally for any of the notes described. W. B. Lewis, the attorney, testified that it was expressly agreed between Morris and appellee Hamilton that Hamilton was not to become personally liable on any of the notes described, and that they instructed him to draw the deed with this in view, and, having this in view, he drew the deed, which recites, in reference to the consideration, that:

"* * * For and in consideration of the sum of seventy-five hundred ($7,500.00) dollars to us in hand paid by A. D. Hamilton, as follows: $2,000 two thousand dollars cash in hand paid, the receipt of which is hereby fully acknowledged. $3,000.00 subject to one note for $3,000 three thousand dollars, dated June 21st, 1923, due and payable three years from date, executed by one R. Goode and May Goode to the order of Annie E. Green and fully described in a deed of trust of even date therewith to Herbert M. Green, trustee, filed for record June 26, 1923, Dallas county deed of trust records, this being a first lien. Subject to $1,740.00 seventeen hundred and forty dollars, being the unpaid balance of $1,900.00 on note of even date herewith payable in monthly installments of $40.00 each and accrued interest on the unpaid balance at the rate of 8% per annum payable monthly. This being a second lien. Subject to $610.00 six hundred ten dollar note, dated November 15th, 1923, payable in installments of $25.00 per month, interest payable monthly at 8% per annum, with each installment, 23 notes of $25.00 each and the last one, the 24th, of $35.00. This being a third lien, vendor's lien with deed of trust lien, this note being executed by O. M. Morris and payable to the order of A. L. Slaughter."

The trial was to the court without a jury, and, upon request, the trial judge filed the following findings of fact and conclusions of law with respect to this issue:

"I further find that, at the time O. M. Morris and wife made a deed to A. D. Hamilton of the property aforesaid, A. D. Hamilton did not assume the payment of said $610 third lien note, but purchased said property subject to said $610 note."

"I further conclude from said findings of fact, the defendant A. D. Hamilton is not liable in this case for any sum; that he did not assume the payment of said $610 third lien note sued on herein."

With reference to the trustee's sale under the second lien note, appellant Wood testified that it was regular in all respects. The trial judge's findings of fact on this issue are as follows:

"(10) I further find that said E. Goode held a valid deed of trust to secure the payment of

said note in regular form duly executed, and that said trustee advertised said place for sale in the manner and form, and for the length of time as provided by law and as provided by said deed of trust, and made a sale under said deed of trust after said notices were duly had and after both plaintiff and intervener had received notice of said sale.

"(11) I further find that A. D. Hamilton and intervener J. T. Wood attended said sale with full knowledge that said note of $1,900 was a superior lien to the $610 note, and that each of them bid on said property, and that defendant A. D. Hamilton became the purchaser under said deed of trust, having made the highest and best bid, and that a deed was made to the defendant A. D. Hamilton by said trustee to the property in controversy."

From these findings of fact the court concluded that the sale extinguished the third lien sought to be enforced in this suit. Judgment was accordingly rendered that appellants take nothing by their suit against appellee, that the trustee's sale under the second lien extinguished the third lien, and further decreed that the cloud upon the title to the property be removed and that it be held by appellee free from any claim or lien created by the note in suit or the third lien securing it. We think the judgment correct.

Appellants contend: First, that under the facts detailed appellee assumed the payment of the three notes described in the deed from Morris to him as a matter of law, and was liable personally for the note in suit; and, second, that since he had assumed the payment of the second lien note under which the trustee's sale to him was made, as well as the third lien note in suit, the sale being brought about by his own default and while he was owner of the property, he could not purchase the property at the sale under the prior lien and then claim title by virtue of the sale as against the third or junior lien.

[1, 2] In support of the first question, appellants cite authorities which hold that, where one purchases real property subject to a mortgage or trust lien indebtedness described in the deed of conveyance, and the amount of such indebtedness is deducted from the consideration, there is an implied liability on the part of the purchaser, in absence of an express agreement, to assume the payment of the indebtedness. If the recitations of consideration in the deed to appellee stood alone, the rule cited might be applicable; but such is not the case before us, where appellee proved a contemporaneous parol agreement not to assume the payment of the indebtedness described. The recitations of consideration in the deed are not contractual in their nature; and the language used does not by fair import expressly bind appellee to personally pay the notes described. In fact, the use of the term "subject to" the indebtedness described in a deed is generally understood to mean that the pur-chaser is not assuming the indebtedness personally; and it is only where the use of the term is further aided by the unexplained recitations of the deed which deduct the indebtedness from the purchase price that courts have held the purchaser impliedly liable for the indebtedness. Clark v. Scott (Tex. Civ. App.) 212 S. W. 734; McNeill v. Cage et al., 38 Tex. Civ. App. 45, 85 S. W. 57; George v. Blumberg (Tex. Civ. App.) 211 S. W. 309. And it is also well settled that, where the consideration expressed in a deed or written instrument is not contractual, it is not conclusive, and that it is always competent to inquire into and show by parol or other extrinsic evidence what the real consideration was. Grogan v. Lea (Tex. Civ. App.) 269 S. S. 1072; Corpus Juris, vol. 22, pars. 1555 and 1665; Johnson v. Elmen, 94 Tex. 168, 59 S. W. 253; 52 L. R. A. 162, 86 Am. St. Rep. 845; Whitehead v. Weldon (Tex. Civ. App.) 264 S. W. 958; Callaway v. Albin, 114 Tex. 5, 261 S. W. 372.

[3] In support of the second contention appellants rely upon the case of Beitel v. Dobbin (Tex. Civ. App.) 44 S. W. 299, and other cases announcing the same rule, which hold that, where a purchaser buys real estate subject to first, second, and third mortgage or trust liens, and assumes the indebtedness which the liens secure as a part of the purchase price, he cannot thereafter purchase the property at a sale under the prior mortgage or trust lien, and then claim title by virtue of the sale as against the junior mortgage or lien. But the question is concluded against appellant by our decision on the first question presented. The contention is predicated upon the proposition or assumption that appellee assumed all the notes described in the deed to him as a matter of law. But the trial court concluded upon sufficient evidence that appellee did not assume the payment of the notes; and therefore the rule is not applicable. That is, the rule that a purchaser of property incumbered with a mortgage or deed of trust lien is estopped to deny the validity of such instrument applies only where the instrument assumed is described in the deed of conveyance, and the assumption or agreement to assume is made in the nature of a contract and for a valuable consideration. Clark v. Scott, supra, and Tolleson v. Nobles (Tex. Civ. App.) 152 S. W. 850; Hampshire v. Greeves, 104 Tex. 620, 143 S. W. 147; Maulding v. Coffin, 6 Tex. Civ. App. 416, 25 S. W. 480.

It is admitted by appellants that the sale was fair and regular in every respect. They were present and bid on the property. They had equal opportunity with appellee to purchase the property, if they deemed it worth the indebtedness against it, and could have protected themselves by doing so. The judgment will be affirmed in all things.

Affirmed.