**VAUGHAN v. LITTLEFIELD.    (No. 2977.)**

Court of Civil Appeals of Texas. Amarillo.
March 7, 1928.

1. **Mines and minerals** ⊙⇒78(7)—**Failure to make all co-owners parties in suit for cancellation of oil lease requires reversal of judgment canceling lease.**

In suit to cancel oil and gas lease for failure to drill well and default in payment of rentals, separate co-owners were not only proper but necessary parties defendant, and failure to make all such owners parties requires reversal of judgment of cancellation, since judgment against one owner canceling lease does not affect rights of other owners.

2. **Appeal and error** ⊙⇒1067—**Court's failure to properly define "evidence of change of ownership" as required by oil and gas lease held harmless, under evidence.**

In suit to cancel oil and gas lease providing that any change of ownership of land should not be binding on lessee until furnished with proper evidence thereof, failure of court to properly define "proper evidence of change of ownership" *held* harmless, if error, where evi-

dence established that lessee had not only actual but constructive notice of assignee's rights.

Appeal from District Court, Wheeler County; Newton P. Willis, Judge.

Suit by Virg Littlefield against Hal H. Vaughan. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Reynolds, Hill & Engledow, of Shamrock, for appellant.

Clayton Heare, of Shamrock, for appellee.

HALL, C. J. Littlefield sued the appellant, Vaughan, to cancel an oil and gas lease, which had been executed to the latter by W. J. Greer and wife, covering certain lands in Wheeler county.

Cancellation is sought upon the ground that no well had been drilled. on the land, and that Vaughan had defaulted in the payment of rentals provided for in the lease, and which were, under its terms, due on the 26th day of August, A. D. 1927, prior to the filing of the suit.

Littlefield alleged that he had purchased the land in question from Greer and wife on the 1st day of December, 1923.

Appellant answered by a general denial and specially alleged that he had never been furnished by appellee with proper evidence of the latter's title to the land, which was covered by said lease, as is provided in the lease. The written lcase contains, amongst others, this stipulation:

"If the estate of either party hereto be assigned—and the privilege of assigning, in whole or in part, is expressly conceded by each party to the other—the covenants hereof shall extend to the assigns and successive assigns, but no change or division in the ownership of the land or the rentals or royalties by purchase or otherwise, shall operate to enlarge the obligations or diminish the rights and privileges of the lessee hereunder, in any particular, from what they would have been in the absence of such change or division, nor shall it be binding on the lessee for any purpose until the lessee shall have been furnished with proper evidence thereof."

The case was submitted to a jury upon special issues, their finding being, in substance, that Vaughan, the lessee, was furnished with proper evidence to show change and division of the ownership of the oil and gas lease rentals as between Greer and wife and Littlefield.

During the trial, it appeared from uncontradicted evidence that, while the lease from Greer and wife had been made to Vaughan, as lessee, Vaughan only owned a one-fourth undivided interest in the leasehold, and that W. S. Pendleton, E. K. Caperton, and Harry Monday each owned a one-fourth undivided interest. The testimony does not show that they were partners in the lease nor that Vaughan held the title as trustee of an express trust. He was simply a resulting trustee of a passive trust, with no duties imposed upon him by the instrument, and therefore a judgment against him, canceling the lease, would not affect the rights of the other owners.

[1] In an action to cancel a written instrument, all persons whose rights, interests, or relations with or to the subject-matter of the suit would be affected by a decree of cancellation should be made parties, so they can be heard in their own behalf. Unless this is done, there can be no cancellation to the extent of restoring the status quo of the parties to the contract sought to be canceled. Vaughan's co-owners were not only proper parties, but, under the rule just announced, they were necessary parties to the action, and we sustain appellant's first proposition, which requires that the judgment be reversed and the cause remanded for making necessary parties. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063; Business Men's Oil Co. v. Priddy (Tex. Com. App.) 250 S. W. 156; Hurst v. Knight (Tex. Civ. App.) 164 S. W. 1072; Needham v. Cooney (Tex. Civ. App.) 173 S. W. 986; 21 C. J. §§ 253–277, 324.

[2] The second proposition urged is that the court erred in his definition of what would constitute proper evidence of change. of ownership, insisting that it was the duty of Littlefield, before he could cancel the lease, to present to Vaughan a deed, in writing, from Greer and wife, conveying the title. The evidence shows that Littlefield received his conveyance in December, and that it was duly recorded in January following; that after this conveyance, Vaughan's daughter, who was his agent representing him in making payments upon leases, had deposited, to Littlefield's credit in the bank, payments due under the lease, and Vaughan further admitted that in more than one conversation he had been told that Littlefield had purchased the property covered by the oil lease in question, so this proposition becomes immaterial. Proper evidence had been furnished, since the testimony shows that he had not only actual but constructive notice of Littlefield's rights, and, even if the court erred in defining the term "proper evidence," the error, if any, is harmless.

For the reasons stated, the judgment is reversed and the cause is remanded.