## FRANKLIN v. BRAMLETTE.
### No. 4165.

Court of Civil Appeals of Texas. Texarkana.
April 7, 1932.

Rehearing Denied April 28, 1932.

Houtchens & Houtchens, of Fort Worth, and Gossett & Harrington and Adams, Harrell & Herndon, all of Longview, for appellant.

Bramlette & Meredith, of Longview, and Walace Hawkins, of Dallas, for appellee.

SELLERS, J.

E. M. Bramlette brought this suit against W. W. Franklin in trespass to try title to and to remove cloud from 250 acres of land, part of the Margaret Tennison, Thomason Johnson, and Joseph Hoy surveys located in Gregg county, Tex. The defendant Franklin answered by plea in abatement, general demurrer, general denial, and plea of not guilty.

The case as made by the evidence shows that E. M. Bramlette and wife on October 15, 1926, by warranty deed conveyed the land described in plaintiff's petition to John Radford, the consideration being the assumption by Radford of a vendor's lien note given by Bramlette to the Prudential Insurance Company when he purchased the land, and as further consideration Radford executed to Bramlette seven vendor's lien notes aggregating the sum of $2,800; note No. 1 being due October 15, 1927, and one due each October 15th thereafter for six years. To further secure the payment of these seven notes, Bramlette took a lien on a separate tract of land belonging to John Radford. Radford built a house upon the property and moved into it shortly after he purchased the same and remained in possession up until the trial of this case. In the fall of 1927, John Radford paid Bramlette $500 for money Bramlette had paid on the first lien note for Radford, and Bramlette released to Radford the lien he took on land of Radford's to further secure the seven notes given by Radford. On March 11, 1927, Bramlette conveyed to the Marshall National Bank the seven notes

given him by Radford, which transfer was duly recorded. The evidence of Bramlette shows the notes were transferred by him to the bank as collateral security, but there is nothing in the transfer to so indicate.

On September 18, 1930, according to Bramlette's testimony, Radford agreed orally with Bramlette to convey to Bramlette all the mineral rights in the land for a consideration of the cancellation by Bramlette of all the vendor's lien notes against the land and thereby leaving the fee-simple title to the surface of the land to Radford clear of all indebtedness. That in pursuance of this agreement of this date, Radford gave Bramlette a mineral lease upon the land and a mineral deed to one-half the minerals, and was to convey to Bramlette the balance of the mineral right when Bramlette got the notes back from the Marshall bank where he had placed them as collateral security to his debt. The consideration specified in the lease was $10 cash and a rental of $1 per year, and the mineral deed also specified a $10 cash consideration.

On February 17, 1931, John Radford executed to W. W. Franklin a one-eighth mineral deed and also an option to purchase other mineral rights in the land, both of which instruments were duly recorded on February 18, 1931.

On February 18, 1931, Radford executed to Bramlette a mineral deed to the other one-half interest in all the minerals in the land, which instrument was recorded the same date, a few hours after the conveyance of February 17, 1931, to Franklin had been recorded.

On February 18, 1931, Bramlette purchased the first lien note against the land from the Prudential Insurance Company, and this suit was also filed on this date by Bramlette against Franklin. There was introduced in evidence a transfer back to Bramlette of the seven notes held by the Marshall bank which was dated February 9, 1931, but had not been recorded.

The trial was before the court without a jury and the judgment of the court grants the relief sought by Bramlette and goes further and cancels all the notes held by Bramlette against Radford who was not a party to the suit, and required Bramlette to pay into the registry of the court the sum of $528 to be paid to Franklin and Radford as their interests might be made to appear. From this judgment, Franklin has duly prosecuted this appeal.

The above is deemed a sufficient statement of the record to make clear the point upon which this court is disposing of this appeal.

By appropriate assignments, appellant presents the question that Radford is a necessary party to this suit without whom no val-

id judgment could be entered by the court. It is our opinion that this assignment must be sustained, and a consideration of the other assignments is unnecessary since they may not occur on another trial.

█ It is too well settled in the state to require citation of authority that a vendor has but two remedies upon· default by a vendee in paying the purchase-money notes; one is to bring suit on the notes and foreclose the vendor's lien and sell the land, which is an affirmance of the contract, while the other is to rescind the contract and recover the land. The record in this case shows conclusively that neither of these remedies had been exercised by appellee at the time he brought this suit, therefore this suit must be treated as one involving the cancellation of the statutory contract of sale between appellee and Radford, for as long as the legal title to the property is in Radford there can be no cancellation by appellee of conveyances from Radford to Franklin. We recognize that a suit in the nature of a trespass to try title will authorize the court to rescind such a contract and enter judgment for the vendor for the title to the land. Ezell v. Fowler (Tex. Civ. App.) 20 S.W.(2d) 1097. But the authorities are uniform that, before such relief can be granted by a court, all parties to the contract sought to be rescinded must be parties to the suit. McNeill v. Cage et al., 38 Tex. Civ. App. 45, 85 S. W. 57; Dial et al. v. Martin et al. (Tex. Civ. App.) 8 S.W.(2d) 241; Gulf· Production Co. et al. v. Colquitt et al. (Tex. Civ. App.) 25 S. W.(2d) 989; Bishop v. Sanford (Tex. Civ. App.) 35 S.W.(2d) 800; and Vaughan v. Littlefield (Tex. Civ. App.) 4 S.W.(2d) 153. And it is for this reason that there is no escape from the reversal of this judgment.

█ Appellee insists that appellant has waived his plea in abatement by raising it for the first time in his amended answer. The absence of necessary parties to an action presents a question of fundamental error which may be raised for the first time in this court. Dial v. Martin, supra.

The judgment of the trial court is reversed, and the cause remanded.