## Kentucky Realty Co. et al. v. Wade et al.

(Decided Nov. 7, 1935.)

JOHN K. TODD and TODD & BEARD and WALTER F. ALT for appellants.

BARRICKMAN & KALTENBACHER for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

On June 26, 1925, E. F. Wade gave to C. H. Payne, a real estate agent in Louisville, a proposal in the form of a contract, whereby he proposed to sell to the Kentucky Realty Company, a corporation, doing business in the city of Louisville, a tract of land in Shelby county, containing approximately 118 acres; and the Kentucky Realty Company in exchange for the land agreed to convey to Wade a house and lot in Jeffersontown, Ky. The recited consideration for the farm was $12,000, and the consideration for the house and lot $3,250, with the Realty Company assuming a $10,000 mortgage against the farm held by the Federal Land Bank, and Wade assumed a $1,300 mortgage against the house and lot. The realty company agreed to pay in cash the difference in equities. C. H. Payne carried this proposal which had been signed by Wade to Lawrence Elkus, agent for the Kentucky Realty Company, who made and signed the following acceptance below the signature of Wade:

> "The above proposal accepted June 29, 1925, except that we take the farm subject to Federal Land Bank mortgage."

Payne notified Wade that the proposition had been accepted by the realty company, but did not tell him of the conditions in the acceptance, and Wade did not see the contract or learn of these conditions in the acceptance until after this litigation had started.

On July 22, 1925, Earl Wade and Mary Wade, his wife, at the direction of the Kentucky Realty Company

executed and delivered to the Builders Development Company, another corporation, a deed for the farm, reciting therein:

"That for a good and valuable consideration, a part of which is cash in hand paid, the receipt of which is hereby acknowledged, the parties of the first part do hereby sell, transfer and convey to the party of the second part, in fee simple with covenant of general warranty, subject to the mortgage lien securing the note, the balance of which is $9,065.78 in favor of the Federal Land Bank of Louisville, Kentucky * * *."

The realty company also made a deed to Wade for the house and lot in Jeffersontown in which he, as part of the consideration, assumed the payment of the $1,300 mortgage against the property and which he subsequently paid. After the deed had been executed, Wade and the attorney who was acting on behalf of the Builders Development Company went to the offices of the Federal Land Bank, where what is known as an "assumption agreement" was signed, and wherein it was recited in effect that the Builders Development Company had assumed the payment of the bank's mortgage against the farm and had purchased the original shares of stock held by the vendor Wade in the Shelby County Farm Loan Association. Thereafter the Builders Development Company conveyed the farm to Nettie Perkins, who in the conveyance assumed the payment of the Federal Land Bank mortgage. In the meantime, however, the development company had paid two or more installments on the principal and interest due on the note. Nettie Perkins in turn conveyed the farm to J. T. Offutt and Effie Offutt, and it was recited in the deed that the grantees assumed the payment of the Federal Land Bank mortgage.

Upon default in payment of the installment of principal and interest due on its mortgage note against the farm, the Federal Land Bank instituted this action against Earl Wade and Mary Wade, his wife, and the grantees in the several deeds above referred to, seeking judgment for the balance due on its note and for the enforcement of its mortgage lien.

The Federal Land Bank was granted the relief sought, and after the proceeds of the sale of the farm

made under judgment and orders of the court had been applied on the mortgage indebtedness, it was found that there was an unpaid balance of approximately $2,400 for which execution issued and which has been satisfied by Wade.

The proceeding subsequent to the judgment directing the sale of the farm involves the amount paid by Wade in satisfaction of the execution. We deem it unnecessary to enter into a recital of the pleadings, except to say that the Kentucky Realty Company, which has taken over the Builders Development Company and assumed its liabilities, pleaded in effect that it purchased the farm subject to the mortgage under the express terms of the deed from Wade and wife and is therefore not liable for the balance due on the mortgage after the proceeds of the sale of the farm had been applied.

Wade pleaded in substance that it was the agreement and understanding that the Builders Development Company was to assume the payment of this mortgage, but through mutual mistake or fraud it was recited in the deed that the conveyance was made subject to the mortgage. To the plea of fraud or mistake, the Kentucky Realty Company and the Builders Development Company interposed a plea of limitation, and Wade in turn interposed a plea of estoppel.

After evidence was heard, it was finally adjudged that the deed from Wade and wife to the Builders Development Company did not embrace the true contract, agreement, and consideration agreed upon between the parties; that the Builders Development Company in fact agreed to assume and pay to the Federal Land Bank the balance due on the mortgage, and by reason thereof it was justly indebted to Wade in the sum of $2,402.10, the amount paid in satisfaction of the execution with interest thereon at 6 per cent. from January 25 until paid; that the Kentucky Realty Company having assumed the payment of all obligations of the Builders Development Company became liable for such indebtedness, and that Wade recover of the Builders Development Company, the Kentucky Realty Company, Nettie Perkins, and Effie Offutt, jointly and severally, the sum indicated with interest; and further that by reason of the assumption of the mortgage by Nettie Perkins and Effie Offutt in subsequent conveyances that the Builders Development Company and the Kentucky Realty Com-

pany recover of them any sums which either should be required to pay Earl Wade by reason of the judgment against the Builders Development Company and the Kentucky Realty Company, and the Builders Development Company and the Kentucky Realty Company are prosecuting this appeal.

As we view the matter, it is unnecessary to enter into a discussion of the questions of fraud, mistake, limitation, or estoppel raised by pleadings and argued by counsel in briefs. The proposal of Mr. Wade to sell the farm which was accepted by the Kentucky Realty Company, and pursuant to which the deed was made, recited that the consideration for the farm was $12,000, and an officer of appellant testified that its books showed this to be the real consideration. It further clearly appears that in making the adjustment between the parties the balance due the Federal Land Bank on its mortgage was taken into account and was not paid to Wade, but was retained by appellant Builders Development Company.

In addition to numerous other grounds, it is argued by counsel for appellants that the words "subject to" in the deed do not import a promise to pay the mortgage, and that the deed was merely a conveyance of whatever interest or estate the grantor had after the mortgage debt was satisfied out of the land; and since the purchaser did not assume the mortgage debt personally, the judgment for the deficiency against it is erroneous. In support of such contention 41 C. J. 715, Slaughter v. Morris (Tex. Civ. App.) 291 S. W. 961, and other authorities are cited. The text referred to in 41 C. J. so far as pertinent reads:

"Where a conveyance of land is made expressly subject to an existing mortgage, * * * the purchaser takes merely the equity of redemption, the conveyance amounting merely to a conveyance of whatever interest or estate the grantor has after the debt is satisfied out of the land."

In the case of Slaughter v. Morris, the opinion after adverting to the contention made that where one purchases real property subject to a mortgage or other lien indebtedness referred to in the deed, and the amount of such indebtedness is deducted from the consideration, there is an implied liability on the part of the purchaser therefor, said in effect that the use of the

term "subject to" the indebtedness referred to in a deed is generally understood to mean that the purchaser is not assuming the debt personally; that it is only where the use of the term is further aided by the unexplained recitations of the deed which deduct the lien indebtedness from the purchase price that the purchaser will be held impliedly liable. Following the quoted text in 41 C. J. it is further said:

> "It is presumed that a purchaser subject to a mortgage bought the land at its value less the amount of the indebtedness secured by the mortgage. So where a conveyance subject to a mortgage states a nominal consideration, the mortgage debt will be presumed to have been included in the purchase price."

In the same work, at pages 718, 719, it is indicated that where there is an exchange of mortgaged properties, the parties agreeing to trade an equity for an equity, the presumption generally arising from the deduction of the mortgage indebtedness does not apply, and in the absence of other evidence the purchaser is not personally liable to pay the mortgage debt on the property conveyed to him; but that it is otherwise where there was in fact an assumption of the mortgage debt and the consideration for the exchange was based thereon; and that where the transaction is really a sale of land, although in the form of an exchange, the rule of implied assumption from deduction of lien indebtedness applies. Authorities cited under these texts in 41 C. J. hold that a purchaser assuming a mortgage debt or retaining an amount of the purchase price equivalent thereto is liable and should be compelled to appropriate the sum so withheld to the satisfaction of the mortgage.

It has been established beyond all question that the purchase price of the farm as agreed upon and understood between the parties was $12,000 and that the balance due on the mortgage indebtedness was deducted from the purchase price and not paid by appellants. Therefore we conclude that regardless of whether the purchaser became personally liable to the Federal Land Bank under the terms of the deed, the transaction as between the grantors and the grantees was to all intents, purposes, and effect, an assumption by the latter of the mortgage indebtedness against the land, and the gran-

tors having satisfied the execution which issued on the deficiency judgment are entitled to judgment over against the grantees.

Judgment affirmed.