**STRIBLING et al. v. POLUNSKY et al.**

**No. 9571.**

Court of Civil Appeals of Texas. Austin.

June 19, 1946.

R. G. Hughes, of San Angelo, and Morris Watson, of Roby, for appellants.

Scott Snodgrass, of San Angelo, for appellees.

McCLENDON, Chief Justice.

The sole question this appeal presents is whether Tom Richey and Albert Brown were necessary parties to this suit; which was one in trespass to try title and to remove cloud from title to real estate in San Angelo. The suit was brought by Harry Polunsky and Harry M. Shklar, vendees of the property under deed from Richey and Brown, against J. C. and John B. Stribling, who held a contract of purchase previously executed by Richey and Brown.

The salient facts, shown by the pleadings and evidence, were:

On January 12, 1945, Richey and Brown (doing business under a stated trade-name, and the admitted common source of title of both plaintiffs and defendants, and fee simple owners of the property on said date) made a written contract with the Striblings, under which the former agreed to sell and the latter to purchase a portion of the property with an option to purchase the balance. It is not necessary to detail the terms of the contract, or the subsequent negotiations of the parties thereto further than to state that the evidence was sufficient to support a finding (if in fact it did not conclusively show) that the Striblings did not comply with the contract and lost thereby all their rights thereunder in the property. The contract was not acknowledged until October 10, 1945, and then only by John B. Stribling. It was filed for record the same day. November 8, 1945, the property was conveyed by Richey and Brown and their wives to Polunsky and Shklar by general warranty deed.

The Striblings filed a plea in abatement asserting "that the said Richey and Brown are necessary and indispensable parties to this suit for the reason that this suit necessarily involves the validity of said contract and of the rights, duties, obligations, title, equities and estates growing out of or in any way connected with the execution and delivery of such contract and all matters pertaining thereto as well as performance or non-performance thereunder." The prayer was that the plea "be sustained and that plaintiffs be required to make Tom Richey and Albert Brown parties to this suit, and upon their failure so to do that this suit be dismissed."

Upon hearing the plea was overruled; and upon trial to the court the judgment was for the plaintiffs granting the sought relief. The Striblings have appealed.

No error is asserted except that of not sustaining the plea in abatement.

It may be conceded that the Striblings had the right to implead Richey and Brown and assert against them in this suit any claim they might have had under the contract. The same concession may be made as to the plaintiffs. But when, as here, the contest is solely one of title or interest in the land as between the plaintiffs under their conveyance and defendants under their contract, Richey and Brown, who had concededly parted with all their title in the land, were, clearly we think, not necessary parties to the suit.

Upon this subject (suits to quiet title to land) we quote from 51 C.J. 207: "Generally one who has parted with his interest in the land in controversy is not a necessary party defendant."

34 Tex.Jur., p. 831, under the same subject, states the same rule thus: "Ordinarily one who has conveyed his interest to another is not a necessary party, unless the issues cannot be determined without his joinder." Canon v. Scott, Tex.Civ. App., 230 S.W. 1042 (reversed on other grounds, Tex.Com.App., 240 S.W. 340), is cited in support of the text.

To the same effect in principle are the cases of Davis v. Roosevelt, 53 Tex. 305, and Grindstaff v. Mather, Tex.Civ.App., 186 S.W.2d 364, 366, error ref. W.M.

■ It also seems clear that the Striblings by cross action against the plaintiffs alone without impleading Richey and Brown, could have litigated any right to a specific performance of the contract they might have chosen to assert. It was so held in Hart v. Wilson, Tex.Civ.App., 281 S.W. 339, where in original and rehearing opinions by Chief Justice Hall of the Amarillo Court, the subject was considered after manifestly careful research. See authorities cited on page 343 of 281 S.W. col. 2. While the judgment in that case was reversed on other grounds (Tex.Com. App., 288 S.W. 133), the opinion on this point was expressly approved in the following quotation page 136 of 288 S.W.: "Except as already pointed out by us, we think the opinion of the Court of Civil Appeals is correct."

■ The sole controversy, raised by the pleadings and evidence in this case, concerns only the Striblings' interest, claim or title to the property under their contract with Richey and Brown. The decision of no issue involved in that controversy was trammeled or affected by the absence of Richey and Brown as parties to the suit. Moreover, no right of the Striblings against Richey and Brown under the contract, existing subsequently to the conveyance to plaintiffs, was adjudicated, otherwise affected or prejudiced by the judgment in this case.

The only authorities relied upon by the Striblings are: Veal v. Thomason, 138 Tex. 341, 159 S.W.2d 472; Franklin v. Bramlette, Tex. Civ.App., 48 S.W.2d 752, error ref.; Bishop v. Sanford, Tex.Civ. App., 35 S.W.2d 800, error dismissed; Runck v. Gates, Tex.Civ.App., 14 S.W.2d 885; Stewart v. Miller, Tex.Civ.App., 271 S.W. 311, error ref. None of these decisions is in point upon the issue at bar. They all involved, in one form or another, the cancellation or avoidance of the effect of some deed or other instrument concerning land. In some of them the facts are quite complicated, but the principle involved is the same in each. The Veal case is illustrative of that principle. The question there was whether owners of other tracts of land (not parties to the suit) acquired any mineral interest in the land in suit by virtue of certain unitized lease contracts. The issue of necessary parties turned upon the effect of the unitized contracts as creating vel non in the other landowners a mineral interest in the land in suit. The Court of Civil Appeals (144 S.W.2d 361, 366) held that no such interest, but only a personal obligation, was thereby created, and owners of the other lands covered by the agreements were not necessary parties to the suit. The Supreme Court held, to the contrary, that such interest was created by the agreements and therefore the other landowners were necessary parties.

The instant suit in no way involves the validity of the contract between the Striblings and Richey and Brown, nor was the cancellation or the avoidance of any terms of the contract sought. It only involves the rights in the land of the Striblings existing under the contract at the time of suit. The clear distinction between rescission of a contract, on the one hand, and forfeiture on account of breach of its terms, on the other, is aptly put in the following quotation from Grindstaff v. Mather [186 S.W.2d 366], above:

"The rule of law is well settled in this State, as well as every other State in the Union, that when a vendee breaches the covenants of a contract which contains provisions entitling the vendor to declare a forfeiture on account of such breach, the taking advantage of, and declaring upon, such forfeiture does not constitute a rescission of the contract. Rescission is basically an equitable remedy and terminates the contract by a method not necessarily authorized by the agreement. It extinguishes the contract despite its provisions, which may contemplate a totally different result, while a forfeiture declared upon pursuant to the terms of the contract executes the agreement as effectually as performance itself."

The trial court's judgment is affirmed.

Affirmed.