**EVINS–PERSONNEL CONSULTANTS, INC. NO. ONE et al., Appellants,**

v.

**Robert L. HEINRICHS, Appellee.**

**No. 11886.**

Court of Civil Appeals of Texas, Austin.

Feb. 16, 1972.

Rehearing Denied March 15, 1972.

Arthur Mitchell, Stephen M. Orr, Austin, for appellants.

Stayton, Maloney, Black, Hearne & Babb, Douglass D. Hearne, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellee Heinrichs entered into a franchise agreement naming Evins-Personnel Consultants, Inc., No. One, as franchisor. Mrs. Mary E. Evins signed the contract for the franchisor. Both Mrs. Evins and Evins Personnel Consultants, Inc. are appellants in this case. The contract was entered into in Austin, Texas, wherein appellee agreed to purchase an employment agency, located in San Antonio, which purportedly belonged to Appellant Evins. The agency actually belonged to one Roland Walsh. Mary Evins was acting as an agent for Walsh, an undisclosed principal.

Appellee alleged that Mrs. Evins told him that the agency in San Antonio was a going business, and was operating at a "handsome profit." Appellee alleged that Mrs. Evins then furnished him with certain figures to support this statement. Later, after having purchased the business from Appellants for $16,000 and after having operated the business for some four or five months, he discovered records in a filing cabinet in the San Antonio office reflecting different figures for past performance than those figures given him by Appellant. Appellee paid for the franchise by drawing a check on Robsan, Inc. of which corporation he was president. The $16,000 paid for the franchise was part of the proceeds of the sale of the Appellee's Aamco Automatic Transmission franchise. The Aamco franchise was owned by Robsan, Inc. and the proceeds of that sale were paid to Robsan, Inc.

The record discloses, and it is not disputed, that Mary Evins paid part of the $16,000 consideration for the San Antonio franchise to its debts and the remainder to Roland Walsh who was its owner. It is further undisputed that Mrs. Evins was acting as the agent of Roland Walsh in negotiating the sale.

Appellants, by plea in abatement, called the court's attention to the fact that Roland Walsh, who owned the agency purchased by Appellee and who received the $16,000 purchase money was also a necessary party to the suit. This motion was overruled.

After trial to a jury whose answers were favorable to Appellee, the court entered judgment for Appellee in which judgment the court rescinded the contract on the theory of fraud, ordered Appellants to pay Appellee the $16,000 purchase money, and in turn ordered Appellee to convey the Employment Agency to Appellant Evins-Personnel Consultants, Inc. In addition to the $16,000 recovered by Appellee, Appellants were ordered to pay Appellee $8,973.08 actual damages and $8,000 exemplary damages.

Appellants are before this Court on a number of points of error; however, as we sustain its first three, grouped together, we need not reach the remainder of the points. These points, with the exception of one evidentiary point hereinafter discussed, are

primarily concerned with matters which, in all probability, will not arise on retrial.

Appellants' first three points, which we sustain, are the error of the court in overruling Appellants' Plea in Abatement that the court was without jurisdiction of the cause because of failure to join Roland Walsh as an indispensable and necessary party inasmuch as he received the proceeds of the sale of which rescission was sought; the error of the court in overruling Appellants' Motion for New Trial in that all funds received by Appellants from Appellee were received on behalf of and were paid to Roland Walsh, not a party to the suit; the error of the court in granting rescission of the franchise because neither the party paying the funds for the purchase, Robsan, Inc., nor the party receiving that payment, Roland Walsh, were parties to the lawsuit, therefore, rescission was improper.

■ Robsan, Inc., should have been joined as a party plaintiff because it is undisputed that Robsan actually paid the $16,000 for the purchase of the San Antonio franchise. The fact that Appellee owned all of the capital stock of the corporation did not destroy the corporation as a separate entity, nor render him the legal owner of its property. Commonwealth of Massachusetts v. Davis, 140 Tex. 398, 168 S.W.2d 216 (1942). When assets of a corporation are used in the purchase of property that becomes the subject of a lawsuit, the corporation is a necessary party, not only to avoid a multiplicity of suits by the various stockholders and to bar a subsequent suit by the corporation, but in order that the property so recovered may be available for the payment of the corporation's creditors, and for proportional distribution to the stockholders as dividends, or for such other purposes as the directors may lawfully determine. The employment agency bought with the assets of Robsan, Inc., in all probability, belonged to Robsan, Inc. First State Bank of Euless v. Bolinger, 431 S.W.2d 782 (Tex.Civ.App.1968,

writ ref'd n.r.e.). Even though Appellants owned all of the stock of Robsan, he cannot bring an action on behalf of that corporation. *Bolinger* above, Cullum v. GMAC, 115 S.W.2d 1196 (Tex.Civ.App. 1938, no writ); Schaffer v. Universal Rundle Corporation, 397 F.2d 893 (5th Cir. 1968).

■ We also hold that Roland Walsh was an indispensable party to this suit. It is beyond dispute that if rescission were to be properly granted, he would be ordered to pay the $16,000 to the Appellee and it would be Walsh who would receive the San Antonio franchise in return. As the judgment presently stands, Appellants must return the $16,000 paid for the franchise to Appellee and further orders Appellee to return the franchise to Appellants—something she did not own at the time of the sale.

■ Before a court can grant rescission all parties to the contract must be parties to the suit. Franklin v. Bramlette, 48 S.W.2d 752 (Tex.Civ.App.1932, writ ref'd); McNeil v. McLain, 272 S.W.2d 573 (Tex.Civ.App.1954, no writ). The question of who are parties to a given contract is to be determined from the facts of the particular case. It is not essential that a contract mention a person nor be signed by a person for that person to be a party to a contract. 17A C.J.S. Contracts § 346. In the case at bar, Roland Walsh was a party to the contract because, even though he was an undisclosed principal, he was the primary beneficiary of the terms of the contract in that he received all of the consideration for the San Antonio franchise. Had the Appellee defaulted in the payment of the consideration, Walsh would have had a right of action against the Appellee. Where the evidence reflects that an undisclosed principal is revealed at or before trial and it is further shown that the principal received all the proceeds of a contract executed by his agents and where the plaintiff seeks to rescind the contract, the principal should be joined as an indispensa-

ble party. First Nat. Bank of Wichita Falls v. Fite, 131 Tex. 523, 115 S.W.2d 1105 (1938).

■ At the outset of trial, the court granted Appellee's Motion in Limine seeking to have suppressed all references to efforts by the Attorney General of Texas during 1968, to enforce the antitrust laws of this State against him or others associated with Aamco Transmission. This action by the Attorney General resulted in a judgment against Appellee. The trial court granted this motion and consistently denied Appellants the right to inquire or testify as to this matter in the presence of the jury. The trial court was correct in excluding this testimony inasmuch as its possible relevance to showing Appellee's capacity to make errors would have been far outweighed by the prejudicial nature of the judgment against Appellee on a separate and distinct matter. 1 McCormick and Ray, Texas Evidence, Sec. 687, 690 (2d ed. 1956). In addition it was immaterial and irrelevant to this lawsuit. Texas & P. Ry. Co. v. Phillips, 91 Tex. 278, 42 S.W. 852 (1897).

The judgment of the trial court is reversed and the cause remanded for new trial.

Reversed and remanded.

SHANNON, J., not sitting.