Robert L. HEINRICHS, Petitioner,

v.

EVINS PERSONNEL CONSULTANTS, INC. NUMBER ONE et al., Respondents.

No. B–3327.

Supreme Court of Texas.

Nov. 1, 1972.

Rehearing Denied Dec. 13, 1972.

Stayton, Maloney, Black, Hearne & Babb, Thomas Black and Douglass D. Hearne, Austin, for petitioner.

Law Offices of Arthur Mitchell, Stephen M. Orr and Arthur Mitchell, Austin, for respondents.

POPE, Justice.

The question presented by this appeal is one of indispensable parties. On February

6, 1970, Heinrichs and Evins Personnel Consultants, Inc., No. One, entered into an agreement by which Heinrichs agreed to pay and did pay that firm the sum of $16,000 for an exclusive franchise to operate an employment agency located in San Antonio. Mary E. Evins executed the franchise contract as president of Evins Personnel. Heinrichs had been operating the business several months when he discovered a set of corporate books which revealed figures for past performance of the franchise that were different from those shown him by Mrs. Evins prior to the purchase. Mrs. Evins' records indicated that the business had been operating at a handsome profit, while the real records showed the business was unprofitable. Heinrichs then filed this suit for fraud and rescision. Upon jury findings that Mary Evins induced Heinrichs to execute the contract by false representations which amounted to fraud, the trial court rendered judgment which ordered a rescission of the franchise agreement and awarded damages to Heinrichs. The court of civil appeals reversed the judgment of the trial court and remanded the cause for another trial, because Heinrichs failed to name Robsan, Inc., as a party plaintiff and also failed to name Roland Walsh as a party defendant. The court concluded that those parties were indispensable parties. 477 S.W.2d 413. The only question before us is that of parties.

■ The court of civil appeals erred in holding that the trial court was without jurisdiction to determine the dispute because Heinrichs did not join Robsan, Inc., as a plaintiff. Defendants did not suggest that Robsan, Inc., was an indispensable party until they made their motion for instructed verdict which the trial court overruled. The basis for the court of civil appeals' decision was that, because Heinrichs paid the $16,000 for the franchise with a check drawn on Robsan, Inc.'s account, "in all probability" Robsan, Inc., owned the employment agency.

There was no factual basis for the court's conclusion that Robsan, Inc., was an indispensable party. The only evidence which explains the relationship between Heinrichs and Robsan, Inc., is the testimony that Heinrichs and his wife owned one hundred per cent of the stock in that corporation. Robsan, Inc., was not a party to the franchise agreement, and there was no proof that it held a lien upon or any kind of a claim to the franchise. Robsan, Inc., may have furnished the money because it already owed Heinrichs that amount of money or it may have advanced the sum as a loan to Heinrichs. The fact of any rights in Robsan, Inc., rests wholly in supposition.

This court examined in some depth Rule 39, Tex.R.Civ.P., and the matter of indispensable parties in the case of Petroleum Anchor Equipment, Inc. v. Tyra, 406 S.W. 2d 891 (Tex.1966). See also, 1 R. McDonald, Texas Civil Practice § 3.23. We there held that one who was an actual party to an original agreement was not an indispensable party when that party no longer held a joint interest in the subject matter of the contract, when no relief was sought concerning him, and when any judgment in the case would not be res judicata as to him. In the state of the present record before us, there is no proof that Robsan, Inc., now or ever has had any interest in or claim to the franchise obtained by Heinrichs.

■ The court of civil appeals also erred in holding that Roland Walsh was an indispensable party defendant. Defendants filed a plea to abate the action against them because Walsh was not joined as a party. The basis for the plea was that Mary Evins was acting as the agent for Walsh, an undisclosed principal, in the transfer of his franchise. Walsh did not testify, but there was evidence that Evins Personnel had granted him an exclusive franchise to the San Antonio area a few months prior to the time Heinrichs received his franchise. Walsh's operation

was not a successful one, so he authorized Mary Evins to find a buyer of his franchise for the sum of $16,000, the proceeds of which would be used to pay Walsh's bills. Plaintiff, Heinrichs, did not know that Walsh held a franchise, and Mrs. Evins, in dealing with Heinrichs, represented that Walsh was only the manager in the San Antonio office.

There was no proof that Walsh held a joint interest in the franchise Evins Personnel issued to Heinrichs. Walsh has asserted no rights in the Heinrichs' franchise. The inferences from the record are that Walsh wanted to obtain sufficient funds to pay his bills and get out of the business. Whether he abandoned or surrendered his franchise to Evins Personnel, we do not know, but we know that he did not undertake to transfer or assign his franchise to Heinrichs. Heinrichs obtained his franchise directly from Evins Personnel. Factually, the defendants did not prove and the record does not show that Walsh held a joint or any interest at all in the franchise which Evins Personnel granted Heinrichs. See Petroleum Anchor Equipment, Inc. v. Tyra, *supra*; 12 C.J.S. Cancellation of Instruments § 52 (1938).

The court of civil appeals reasoned that Walsh was an indispensable party because he, as an undisclosed principal, would have had an action against Heinrichs if he had failed to pay the $16,000 which he agreed to pay. The rule to be applied here is that of a third party's right of action against an agent for an undisclosed principal. Mary Evins, in failing to disclose the fact of her agency, subjected herself to liability as if she were dealing for herself. Brackenridge v. Claridge, 91 Tex. 527, 44 S.W. 819 (1898); Boyles v. McClure, 243 S.W. 1080 (Tex.Com.App.1922); Mahoney v. Pitman, 43 S.W.2d 143 (Tex. Civ.App.1931, writ ref'd); Restatement (Second) of Agency § 348 (1958); 2 Tex. Jur.2d Agency § 210 (1959).

The court of civil appeals did not reach a number of points by reason of its judg-

ment remanding the cause so new parties might be joined. We accordingly reverse the judgment of the court of civil appeals and remand the cause to that court for disposition of the other points.