**Affirmed and Memorandum Opinion filed December 20, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00054-CV

_____

**STUDIO WORKS, Appellant**

**V.**

**LARRY BRUCE, Appellee**

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2006-79908**

# MEMORANDUM OPINION

In this breach-of-contract action, Studio Works sued two defendants for failing to pay for its work, and appeals the trial court's judgment imposing liability on only one defendant. Because the judgment is based on factual findings that are supported by the record and on correct conclusions of law, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Studio Works created materials promoting the services of a company identified in those materials as "AIMData."[1]  That is virtually the only uncontested fact in this case.

Studio Works maintains that it was hired by Larry Bruce and performed all of the work at issue for Bruce in his individual capacity.  Studio Works's only witness, Jack Erdeljac, testified that Bruce contacted Studio Works about preparing promotional materials on an expedited basis.  According to Erdeljac, Studio Works performed the work and had it delivered to Bruce at a convention.  Erdeljac testified that after the convention, Studio Works created and revised additional promotional materials at Bruce's request.  Bruce's own photograph appears in some of the material.  According to Erdeljac, Bruce spent hours in Studio Works's office working with the company's staff in revising and editing the material.  The company also produced employee timesheets in which employees identified their work by client and project.   In the timesheets, Bruce was identified as the client.   Although Studio Works sent repeated invoices for the work, it was never paid.

Bruce, on the other hand, denied calling or visiting Studio Works, receiving material or demand letters from them, or ever meeting Erdeljac.   He acknowledged that he attended the convention Erdeljac mentioned and testified that he was employed by AIMData, Inc. at that time, but he maintained that Studio Works could have learned that information from the internet.

---

[1] Two companies with names similar to this were discussed at trial.  AIM Data, LLC was a defendant in the case.  AIMData Inc. was the employer of defendant Larry Bruce.  Because trial testimony is transcribed according to the way that words sound, all references in the transcript to "AIM Data" or "AIMData" appear simply as "Aim Data."

Studio Works sued Bruce and AIM Data, LLC for its unpaid bills. Both defendants were served, but AIM Data, LLC did not answer the suit. The case was tried without a jury, and the trial court granted judgment against AIM Data, LLC.

In response to Studio Works's request, the trial court also made the following findings of fact and conclusions of law:

Findings of Fact

1. Defendant Aim Data contracted with plaintiff Studio Works to perform certain work.

2. Defendant Larry Bruce did not engage or contract with Studio Works for himself or in his individual capacity.

3. Plaintiff Studio Works was aware that it was doing business with Aim Data and not for Larry Bruce personally.

4. Plaintiff Studio Works incurred reasonable and necessary attorneys' fees in the amount of $5,000.

Conclusions of Law

1. Defendant Aim Data is obligated to pay to plaintiff Studio Works the sum of $24,535 plus $5,000 in attorneys' fees.

2. Defendant Larry Bruce did not enter into an agreement with Studio Works to be personally responsible for Studio Works's bill.

After the trial court denied its motion for new trial, Studio Works brought this appeal.

## II. ISSUES PRESENTED

In its first three issues, Studio Works challenges the trial court's first three findings of fact, and in its fourth and fifth issues, it challenges the trial court's two conclusions of law.

3

### III. STANDARD OF REVIEW

In cases tried without a jury, the trial court's findings of fact have the same force and dignity as a jury's verdict, and when a complete reporter's record is filed, we review the trial court's findings for evidentiary sufficiency under the same standards we apply to jury verdicts. *Green v. Alford*, 274 S.W.3d 5, 23 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (en banc). To analyze the legal sufficiency of the evidence supporting a finding, we review the record in the light most favorable to the factual findings, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). A party attacking the legal sufficiency of an adverse finding on an issue on which he bore the burden of proof must demonstrate that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

In evaluating a factual sufficiency challenge, we consider and weigh all the evidence in a neutral light and will set aside the finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.* at 242. We defer to a trial court's factual findings if they are supported by evidence. *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008).

We review the legal conclusions that the trial court drew from the facts to determine their correctness. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Incorrect conclusions of law will not require a reversal if the controlling findings of fact will support the judgment under a correct legal theory. *BACM 2001–1 San Felipe Road L.P. v. Trafalgar Holdings I, Ltd.*, 218 S.W.3d 137, 143 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

4

## IV. ANALYSIS

**A. The record supports the finding that AIM Data, LLC contracted with Studio Works.**

In its first finding of fact, the trial court found that AIM Data, LLC "contracted with Studio Works to perform certain work." The trial court further stated in its first conclusion of law that AIM Data, LLC "is obligated to pay to plaintiff Studio Works the sum of $24,535, plus $5,000 in attorneys' fees." Although Studio Works states in its first and fourth issues that this factual finding and legal conclusion are erroneous, both actually favor Studio Works. Moreover, Studio Works does not contend that the amount of damages awarded is incorrect. As we understand it, Studio Works instead contends that the record does not support the finding that the entity that contracted with Studio Works was AIM Data, LLC.

The factual finding is supported by the record because this defendant was served but did not answer. A defendant that fails to answer a suit admits all of the plaintiff's factual allegations against it except for the amount of unliquidated damages. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam); *Hufco-Beaumont, LLC v. Johnson*, No. 14-10-01011-CV, 2011 WL 2462195, at \*1 (Tex. App.—Houston [14th Dist.] June 21, 2011, no pet.) (mem. op.). Studio Works alleged in its petition that it performed services for AIM Data, LLC or delivered goods to it at the company's "special instance and request," and the company received the benefit and value of these goods or services. This is sufficient to support the trial court's finding that AIM Data, LLC contracted with Studio Works, and based on that finding, the trial court correctly concluded that AIM Data, LLC is liable to pay for Studio Works's services. We therefore overrule Studio Works's first and fourth issues.

5

**B.	The record also supports the finding that Larry Bruce did not contract with Studio Works in his individual capacity.**

Studio Works addresses its remaining issues together.	In its second issue, Studio Works asserts that the evidence is legally and factually insufficient to support the trial court's finding that Bruce "did not engage or contract with Studio Works for himself or in his individual capacity."	Studio Works argues in its third issue that there is insufficient evidence to support the trial court's finding that "Studio Works was aware that it was doing business with Aim Data and not for Larry Bruce personally."	In its fifth issue, Studio Works challenges the trial court's related finding that Bruce did not agree to be personally responsible for Studio Works's bill.[2]	Studio Works does not differentiate among these issues, but has presented a single argument that it contends applies to them all.	According to Studio Works, the evidence shows that Bruce arranged for Studio Works's services without disclosing that he was acting on behalf of a company, and thus, Bruce is liable in his individual capacity.	*Cf. Latch v. Gratty, Inc.*, 107 S.W.3d 543, 546 (Tex. 2003) ("[A]n agent who signs a contract on behalf of an undisclosed principal is liable on the contract.") (citing *Heinrichs v. Evins Personnel Consultants, Inc., No. One*, 486 S.W.2d 935, 937 (Tex. 1972)).

The evidence, however, is conflicting.	On one hand, Erdeljac testified that Studio Works's employees noted on their timesheets that Larry Bruce was the client for whom the work was performed.	Erdeljac also testified that when he met with Bruce to discuss the work, Bruce did not mention "Aim Data," and Bruce testified that to his knowledge, AIMData, Inc. did not engage Studio Works to do anything.	On the other hand, the work consisted of the preparation of promotional and marketing material for "AIMData."	One invoice was directed to "Larry Bruce, Aim Data Inc." but another contained no mention of Bruce and was directed simply to "Aim Data Inc."	At trial, Erdeljac was asked if Bruce

---

[2] Although it is listed as a conclusion of law, this instead appears to be a factual finding.

6

had said, "We're doing this work for my company," and Erdeljac answered, "He said for his company."

Faced with conflicting evidence, the factfinder "may choose which witnesses to believe and may resolve inconsistencies in any witness's testimony." *Spring Creek Vill. Apartments Phase V v. Gen. Star Indem. Co.*, 261 S.W.3d 206, 216–17 (Tex. App.—Houston [14th Dist.] no pet.) (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986)). On this record, a reasonable factfinder could have resolved the inconsistencies by attaching little weight to Studio Works's internal references to Bruce as a client or to Erdeljac's statements that Bruce did not claim to be acting on Aim Data's behalf. The remaining evidence—which includes Erdeljac's testimony that Bruce said Studio Works was working "for his company," the nature of the work itself, and an invoice addressed solely to "Aim Data Inc."—is legally sufficient to support the trial court's findings. Moreover, this evidence is not so weak, and the controverting evidence is not so strong, as to make the trial court's findings clearly wrong and unjust; thus, the evidence also is factually sufficient to support the trial court's findings. We therefore overrule Studio Works's second, third, and fifth issues.

## V. CONCLUSION

Having found no error, we affirm the trial court's judgment.

/s/     Tracy Christopher
        Justice

Panel consists of Chief Justice Hedges and Justices Christopher and Jamison.

7