**AFFIRMED; Opinion Filed July 24, 2019.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-18-01274-CV

**U.S. REIF NORTHPOINTE CENTRE TEXAS LIMITED PARTNERSHIP, Appellant**
**V.**
**JORDAN CONNETT D/B/A**
**RECONN TEXAS LLC AND D/B/A REDEFY REAL ESTATE, Appellee**

**On Appeal from the 261st District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-17-005489**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

U.S. Reif Northpointe Centre Limited Partnership appeals the trial court's order granting the special appearance of Jordan Connett d/b/a Reconn Texas LLC and d/b/a Redefy Real Estate and dismissing U.S. Reif's lawsuit against him. Because we conclude the undisputed allegations and the factual findings supported by the evidence are insufficient to confer personal jurisdiction over Connett in his individual capacity, we affirm the trial court's order granting the special appearance. We issue this memorandum opinion because the issues are well-settled in law. *See* TEX. R. APP. P. 47.4.

## BACKGROUND

U.S. Reif sued Connett for "breach of contract, unjust enrichment and/or fraud" alleging Connett, doing business in Texas as Reconn Texas LLC and Redefy Real Estate, defaulted on a

2015 commercial lease agreement for office space in Austin, Texas. Connett filed a special appearance supported by his affidavit asserting he was the chief executive officer of Reconn TX, LLC, a Colorado limited liability company that was authorized to do business in Texas at the time he signed the lease in his capacity as CEO. He further stated he did not execute the lease with U.S. Reif in his personal capacity. According to Connett, U.S. Reif's lawsuit against him arises out of a scrivener's error in the lease agreement brokered between Austin Office Space, Inc. on the tenant side and Kucera Management, Inc., which represented the landlord, U.S. Reif. Connett states that Austin Office was given the tenant's correct name and place of origin, but the final lease mistakenly listed "Reconn Texas LLC, a Texas limited liability company, doing business as Redefy Real Estate as tenant" instead of Reconn TX, LLC, a Colorado limited liability company, doing business as Redefy Real Estate as tenant. Connett stated he did not personally contact or speak to U.S. Reif and all negotiations were handled by the parties' agents. About two years after the lease was signed, Reconn TX was converted into Reconn TX, Inc., a Colorado corporation. In May 2017, U.S. Reif was notified that Reconn TX was insolvent. Connett further stated he is an individual living in Colorado since February 2011 who does not personally do business in Texas or maintain an agent for service of process in Texas. He also represented he does not own or lease property in Texas and has not committed any torts in Texas.

U.S. Reif responded to Connett's special appearance arguing that because Connett signed the lease as an agent of a company that doesn't exist, and no other entity was disclosed to U.S. Reif at the time the lease was executed, Connett is personally liable on the lease as an agent of an undisclosed principal. It argues because Connett is personally liable on a lease for Texas property, there are sufficient contacts in Texas for the trial court to exercise personal jurisdiction over him. U.S. Reif's response incorporated the affidavit of Elizabeth Logan, senior property manager of Kucera who confirmed the lease agreement and first amendment to the lease identified the tenant

as "Reconn Texas, LLC, a Texas limited liability company doing business as 'Redefy Real Estate'." She further indicated that Connett signed the lease as chief executor officer of the identified tenant and signed the first amendment to the lease as manager of the listed tenant.[1] U.S. Reif's attorney, Bill Malone, Jr., filed a supporting declaration stating that when preparing to file this lawsuit, he searched the Texas Secretary of State's website and discovered there was no domestic or foreign limited liability company Reconn Texas LLC registered with the Secretary of State.

Connett filed a reply incorporating additional affidavits from Melissa Medina, a manager of Elite Home Texas, LLC, a Colorado limited liability company registered in Texas as a foreign entity doing business as Redefy Real Estate, LLC, and Matt Watson, a representative of Austin Office. These affidavits provided further support for Connett's position that: (1) Redefy was a wholly owned subsidiary of Reconn TX, LLC, a Colorado limited liability company, until merging with Reconn TX's successor, Reconn TX, Inc. in 2017, (2) Redefy retained Austin Office to represent it in leasing office space, (3) Kucera was willing to allow Reconn TX, LLC, a Colorado limited liability company, to lease the office space without the need for a personal guaranty, and (4) Reconn TX, LLC checks made payable to U.S. Reif as well as rental and other checks payable to U.S. Reif from Redefy Real Estate revealed Aurora, Colorado addresses for both entities.

## ANALYSIS

We review de novo the trial court's determination of a special appearance. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007). Where, as here, the parties have not requested and the trial court does not issue findings of facts and conclusions of law, we infer all necessary facts to support the judgment that the evidence supports. *See id.* When the jurisdictional

---

[1] The evidence also indicates that Connett executed the lease documents in a representative capacity in Colorado and returned them via overnight mail.

facts are not in dispute, the issue of whether the facts establish personal jurisdiction is a question of law. *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018).

A Texas court may exercise personal jurisdiction over a nonresident if doing so complies with federal due process requirements. *See Moki Mac*, 221 S.W.3d at 575. Those requirements are satisfied if the nonresident has established sufficient minimum contacts with Texas and Texas's exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Asshauer v. Farallon Capital Partners, L.P.,* 319 S.W.3d 1, 7 (Tex. App.—Dallas 2008, no pet.).

In two issues, U.S. Reif generally argues that the trial court's ruling should be reversed because the evidence is sufficient to support the exercise of specific jurisdiction over Connett in his individual capacity.[2] Specific jurisdiction exists only if Connett has minimum contacts with Texas by purposefully availing himself of the privilege of conducting activities here and his alleged liability arises out of or is related to those contacts with Texas. *Moki Mac*, 221 S.W.3d at 576. For specific jurisdiction, our minimum contacts analysis focuses on the relationship among the defendant, the forum, and the litigation. *Id*. at 575–76.

A non-resident corporate officer is generally protected from the exercise of jurisdiction when all of that individual's contacts with the forum were made in a representative capacity. *See Camac v. Dontos*, 390 S.W.3d 398, 411 (Tex. App.—Dallas 2012, no pet.). Indeed, it is well-settled that ordinarily a corporate agent is not personally liable in an action on a contract made by him for the benefit of his corporate principle. *Stull v. LaPlant*, 411 S.W.3d 129, 134 (Tex. App.—Dallas 2013, no pet.). Accordingly, when an agent negotiates a contract for its principal in Texas, it is the principal who does business in this state and not the agent. *Id*. at 137.

---

[2] U.S. Reif did not plead facts in its petition that would suggest Texas courts have general jurisdiction over Connett. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *See Goodyear Dunlap Tires Operations, S.A v. Brown,* 564 U.S. 915, 924 (2011). U.S. Reif does not argue on appeal that Connett has contacts sufficient to subject him to general jurisdiction in Texas. Accordingly, our discussion focuses only on specific jurisdiction.

Here, the evidence before the trial court is undisputed that Connett did not enter into the lease agreement in his personal capacity and demonstrated that any action he took with regard to the lease was solely in his corporate capacity as an officer or manager of Reconn TX. His signature on both the lease agreement and the first amendment to the lease indicate that he was executing these documents in a representative capacity and not in his individual capacity.

Nevertheless, U.S. Reif argues that because the tenant identified on the lease, "Reconn Texas LLC a Texas limited liability company doing business as Redefy Real Estate," was incorrect and did not actually exist, Connett is personally liable on the lease and thus subject to specific jurisdiction as personally doing business in this state. To support its position, U.S. Reif relies primarily on three cases: *Heinrichs v. Evins Pers. Consultants, Inc., Number One*, 486 S.W.2d 935 (Tex. 1972); *S.W. Bell Media, Inc. v. Trepper*, 784 S.W.2d 68 (Tex. App.—Dallas 1989, no writ); and *Bayoud v. Shank, Irwin & Conant*, 774 S.W.2d 22 (Tex. App.—Dallas 1989, no writ). Notably, none of these cases involve the issue of personal jurisdiction. *Heinrichs* involved the issue of indispensable parties in a suit for equitable rescission based on fraud. 486 S.W.2d at 936–37. *Trepper* presented the question of whether an agent for a corporation that did business under the name of another entity was personally liable for the contract he signed as president of that entity without disclosing the true principal. *Trepper*, 784 S.W.2d at 71–72. Similarly, *Bayoud* involved a lawsuit for attorney's fees where the defendant client argued he was acting on behalf of a corporation formed in connection with his medical practice and the law firm agreed to look to the corporation for payment of its fees. 774 S.W.2d 24.

Each of these cases cite the general legal proposition that for an agent to avoid individual liability for his signature on a contract, he must disclose the identity of the principal to the other contracting party. *Heinrichs*, 486 S.W.2d at 937, *Trepper*, 784 S.W.2d at 71; *Bayoud*, 774 S.W.2d at 24. U.S. Reif's argues that because Connett may be individually liable for the unpaid rent owing

on the lease by failing to disclose the true principal, Texas may exercise specific jurisdiction over him in this case. But U.S. Reif cites no authority for its proposition that this general principal of agency law creates personal jurisdiction. Rather, the appropriate focus in a minimum contacts analysis for purposes of personal jurisdiction is defendant's purposeful availment of the privilege of conducting activities within the forum state. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 784. (Tex. 2005). We therefore reject U.S. Reif's invitation to conflate the jurisdictional inquiry with the underlying merits of the case. *See id.* at 790 ("directed-a-tort jurisdiction confuses the roles of judge and jury by equating jurisdictional inquiry with the underlying merits.").

Here, U.S. Reif did not specifically allege Connett entered into a contract with it in his personal capacity and Connett's affidavit testimony constitutes evidence that any actions he took with regard to U.S. Reif were solely in his corporate capacity as an agent of Reconn TX. Based on the record before us, we conclude that Connett had insufficient contacts with Texas to support the exercise of specific jurisdiction over U.S. Reif's claims against him. We therefore resolve U.S. Reif's two issues against it.

## CONCLUSION

We affirm the trial court's order granting the special appearance.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

181274F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

U.S. REIF NORTHPOINTE CENTRE
TEXAS LIMITED PARTNERSHIP,
Appellant

No. 05-18-01274-CV     V.

JORDAN CONNETT D/B/A RECONN
TEXAS LLC AND D/B/A REDEFY REAL
ESTATE, Appellee

On Appeal from the 261st District Court,
Travis County, Texas
Trial Court Cause No. D-1-GN-17-005489.
Opinion delivered by Justice Partida-
Kipness, Justices Whitehill and Pedersen,
III participating.

In accordance with this Court's opinion of this date, the trial court's order granting the special appearance of Jordan Connett d/b/a Reconn Texas LLC and d/b/a Redefy Real Estate is **AFFIRMED**.

It is **ORDERED** that appellee Jordan Connett d/b/a Reconn Texas LLC and d/b/a Redefy Real Estate recover his costs of this appeal from appellant U.S. Reif Northpointe Centre Texas Limited Partnership.

Judgment entered this 24th day of July, 2019.